No. 75–490. MATHENY v. ALABAMA. Ct. Crim. App. Ala. Certiorari denied. MR. JUSTICE STEVENS took no part in the consideration or decision of this petition.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the Circuit Court for Montgomery County, Ala., of violating Ala. Code Tit. 14, § 374 (4) (Supp. 1973). That law provides in pertinent part:

> "(1) Every person who, with knowledge of its contents, . . . has in his possession with intent to sell or commercially distribute, or to give away or offer to give away, any obscene printed or written matter or material . . . shall be guilty of a misdemeanor and, upon conviction, shall be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than one year, and may be fined not more than two thousand dollars for each offense, or be both so imprisoned and fined in the discretion of the court.
>
> "(2) Every person who, with knowledge of its contents, has in his possession any obscene printed or written matter or material . . . shall be guilty of a misdemeanor and, upon conviction, shall be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months,

or may be fined not more than five hundred dollars for each offense, or be both so imprisoned and fined in the discretion of the court."

Under § 374 (3):

" 'Obscene' means lewd, lascivious, filthy and pornographic and that to the average person, applying contemporary community standards, its dominant theme taken as a whole appeals to prurient interest."

The indictment filed against petitioner charged him with three counts of violating § 374. The first count charged petitioner with selling a magazine primarily containing photographs of nude women. Genitals were exposed in some of the photographs. Count 2 of the indictment charged petitioner with selling an unillustrated short novel containing descriptions of sexual acts. The third count of the indictment charged the sale of another unillustrated short novel also containing descriptions of sexual acts.

Upon inquiry to the trial court, petitioner's jury was instructed that it could "return a verdict as to either one of the counts in the indictment." Record 100. The jury subsequently returned the general verdict: "We the jury find the Defendant guilty." *Id.*, at 102. Petitioner was adjudged guilty by the trial court and ultimately sentenced to six months of imprisonment and assessed a fine of $500. The judgment and sentence were affirmed by the Alabama Court of Criminal Appeals. 55 Ala. App. 119, 313 So. 2d 547 (1975). A petition for writ of certiorari was denied by the Alabama Supreme Court. 294 Ala. 765, 313 So. 2d 552 (1975).

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the

basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 374 (4), as it incorporates the definition of obscene material in § 374 (3), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari and, since the judgment of the Alabama Court of Criminal Appeals was rendered after *Miller,* reverse, petitioner's conviction being invalid on all counts. In that circumstance, I have no occasion to consider whether the question of vagueness presented by petitioner merits plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494–495 (1973) (BRENNAN, J., dissenting).

Even accepting the Court's decision in *Miller* v. *California, supra,* and the obscenity standards there set forth, petitioner's conviction should be set aside. It is this Court's duty independently to review the fact of obscenity necessary to petitioner's conviction. See *Jenkins* v. *Georgia,* 418 U. S. 153 (1974). Under *Miller,* a work may not be obscene unless it "depicts . . . , in a patently offensive way, sexual conduct." 413 U. S., at 24. While exhibition of the genitals may constitute sexual conduct, such exhibition must be patently offensive and lewd, *id.,* at 25. "[N]udity alone is not enough to make material legally obscene under the *Miller* standards." *Jenkins* v. *Georgia, supra,* at 161. Tested by those standards, the material involved in Count 1, merely containing photographs of nude women, is clearly not obscene. This being so, a conviction of petitioner based only on Count 1 of the indictment cannot stand. Because of the general nature of the jury's verdict, in the light of the trial court's instruction to the jury, it is entirely possible that petitioner's conviction did indeed rest solely on the first

count. In accordance with the Court's decision in *Bachellar* v. *Maryland,* 397 U. S. 564 (1970), therefore, petitioner's conviction should be set aside.